UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARQUITA HENDERSON,<br><br>                Plaintiff,<br><br>-against-<br><br>AFG GROUP, INC.,<br><br>                Defendant. | **COMPLAINT**<br><br>**Docket No.:**<br><br>Jury Trial Demanded |

MARQUITA HENDERSON ("Plaintiff"), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against AFG GROUP, INC. ("AFG" or "Defendant"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1.      This is a civil action for damages and equitable relief based upon willful violations that Defendant committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR"), tit. 12, § 141-1.4; (iii) the NYLL's requirement that employers furnish employees with wage statements on each payday containing specific categories of accurate information, NYLL § 195(3); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendant - - a management and consulting business - - in Manhattan as an office engineer from May 2006 until her termination on February 15, 2018.  As described below, throughout her employment, but as is relevant herein, for the six-year period pre-

dating this action's commencement through her last day of work, ("the Relevant Time Period"), Defendant intentionally misclassified Plaintiff as exempt, and as a result, willfully failed to pay Plaintiff the wages lawfully due to her under the FLSA and the NYLL.  Specifically, during at least the Relevant Time Period, despite performing primarily non-exempt job duties, Defendant routinely required Plaintiff to work in excess of forty hours each workweek, but intentionally failed to compensate her at any rate of pay, let alone at the statutorily-required overtime rate of time and one-half her straight-time rate, for each hour that Plaintiff worked per week in excess of forty.

3.      Defendant further violated the NYLL by failing to provide Plaintiff with accurate wage statements on each payday.

## JURISDICTION AND VENUE

4.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, et seq.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

5.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

## PARTIES

6.      At all times during the Relevant Time Period, Plaintiff worked for Defendant in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

7.      At all times during the Relevant Time Period, Defendant AFG was and is a Virginia corporation with a principal place of business located at 590 Herndon Parkway, Herndon, Virginia, 20170.

8.      At all times during the Relevant Time Period, Defendant was an "employer" within the meaning of the FLSA and the NYLL.  Additionally during that time, AFG's qualifying annual business exceeded $500,000, and Defendant was engaged in interstate commerce within the meaning of the FLSA, as it operated (and operates) a business incorporated and headquartered in Virginia that does business in several others states, including New York, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise.

## BACKGROUND FACTS

9.      Defendant AFG is a management and consulting business, incorporated and headquartered in Herndon, Virginia, with an office located at 450 Seventh Avenue in New York, New York.

10.     In May 2006, Defendant hired Plaintiff as an office engineer to work at its Manhattan office, to assist the company with its Midtown Community Court project, where her specific primary duties entailed: filing and maintaining documents at the project site; receiving requisitions and drawings; and typing a monthly report to keep track of the documents received for the project.  Plaintiff remained in this position until Defendant terminated her employment on February 15, 2018.

11.     From at least the beginning of the Relevant Time Period up until July 2014, Defendant required Plaintiff to work five days per week, Mondays through Fridays, from approximately 8:00 a.m. until approximately 6:00 p.m., without a scheduled or uninterrupted break each day, totaling approximately fifty hours per week.  Then, from August 2014 through the end of the Relevant Time Period on February 15, 2018, Defendant required Plaintiff to work five days per week, Mondays through Fridays, from approximately 9:00 a.m. until approximately 6:00 p.m.,

without a scheduled or uninterrupted break each day, totaling approximately forty-five hours per week.

12. By way of example only, during the workweek of June 10 through June 16, 2012, Defendant required Plaintiff to work, and Plaintiff did work, from approximately 8:00 a.m. until approximately 6:00 p.m. for five days from Monday through Friday, without any scheduled or uninterrupted breaks. Thus, Plaintiff worked fifty hours during that week.

13. From at least the beginning of the Relevant Time Period up until December 2013, including for the week just described, Defendant paid Plaintiff a flat annual salary of $61,678.00, which yields a weekly salary of $1,186.11, which was intended to compensate Plaintiff for only her first forty hours of work each week, and which yields a regular hourly rate of $29.65 per hour and an overtime rate of $44.47 per hour.

14. From January 2014 through December 2015, following a five percent raise, Defendant paid Plaintiff a flat annual salary of $64,761.90, which yields a weekly salary of $1,245.42, which was intended to compensate Plaintiff for only her first forty hours of work each week, and which yields a regular hourly rate of $31.13 per hour and an overtime rate of $46.69 per hour.

15. From January 2016 through her termination, following another five percent raise, Defendant paid Plaintiff a flat annual salary of $68,000.00, which yields a weekly salary of $1,307.69, which was intended to compensate Plaintiff for only her first forty hours of work each week, and which yields a regular hourly rate of $32.69 per hour and an overtime rate of $49.03 per hour.

16. Throughout her employment, Defendant did not pay Plaintiff at any rate of pay for any hours that she worked in a week in excess of forty, let alone at her overtime rate of pay.

17.     Defendant paid Plaintiff on a bi-weekly basis.

18.     On each occasion when Defendant paid Plaintiff, Defendant failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, her actual hours worked for that week, her straight rate of pay, or her overtime rate of pay.

19.     Each hour that Plaintiff worked was for Defendant's benefit.

20.     Defendant acted in the manner described herein so as to minimize its overhead while maximizing profits.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
### *Unpaid Overtime under the FLSA*

21.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

22.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

23.     As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

24.     As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendant failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

25.     Defendant willfully violated the FLSA.

26.     As a result, Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times Plaintiff's regular rate of pay.

27.     Plaintiff is also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
### *Unpaid Overtime under the NYLL and the NYCCRR*

28.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

29.     N.Y. Lab. Law § 160 and 12 NYCCRR § 141-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

30.     As described above, Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCCRR.

31.     As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendant failed to compensate Plaintiff in accordance with the NYLL's and the NYCCRR's overtime provisions.

32.     As a result, Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times Plaintiff's regular rate of pay.

33.     Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and NYCCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
### *Failure to Furnish Proper Wage Statements in Violation of the NYLL*

34.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

35.     N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

36.     As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

37.     As also described above, Defendant failed to furnish Plaintiff on each payday with an accurate wage statement containing the criteria required under the NYLL.

38.     Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), Defendant is liable to Plaintiff in the amount of $100.00 for each workweek that the violations occurred, up to a statutory cap of $2,500.00.

39.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff in the amount of $250.00 for each workday that the violations occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

40.     Pursuant to FRCP 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.      An order restraining Defendant from any retaliation against Plaintiff for participation in any form in this litigation;

c.      All damages that Plaintiff has sustained as a result of Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for Defendant's unlawful payment practices;

d.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

e.      Awarding Plaintiff her reasonable attorneys' fees, as well as her costs and disbursements incurred in connection with this action, including expert witness fees and other costs;

f.      Pre-judgment and post-judgment interest, as provided by law; and

g.      Granting Plaintiff such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
      May 9, 2018

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
655 Third Avenue, Suite 1821
New York, New York 10017
Tel.    (212) 679-5000
Fax.    (212) 679-5005

By: _____
JEFFREY R. MAGUIRE (JM 1982)
ALEXANDER T. COLEMAN (AC 1717)
MICHAEL J. BORRELLI (MB 8533)