

KANE KESSLER, P.C.
666 THIRD AVENUE
NEW YORK, NEW YORK 10017-4041
TEL 212.541.6222
FAX 212.245.3009
WWW.KANEKESSLER.COM

WRITER'S DIRECT NUMBER
212-519-5113

WRITER'S EMAIL
jsabin@kanekessler.com

January 22, 2019

*Via ECF*
Honorable Paul A. Engelmayer
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 435
New York, New York 10007

                Re:     *Henderson v. AFG Group, Inc.*, **No. 18-cv-4179**

Dear Judge Engelmayer:

    We represent defendant AFG Group, Inc. ("AFG") in the above referenced wage and hour case brought under the Fair Labor Standards Act ("FLSA"). We write pursuant to Rule 2(C) of your Individual Rules and Practices in Civil Cases seeking the following in connection with Plaintiff's failure to produce a native Excel spreadsheet indicating the number of hours Plaintiff purportedly worked: (1) a forensic examination of a computer given to Plaintiff by AFG during her employment and (2) an additional deposition of Plaintiff lasting no more than two hours.[1] We have met and conferred in good faith with Plaintiff but have been unable to resolve the discovery dispute regarding these items. AFG requests an informal conference to discuss the issues raised herein.

    On May 9, 2018 Plaintiff commenced this action alleging that AFG intentionally misclassified Plaintiff as an "exempt" employee under the FLSA and willfully failed to pay Plaintiff for 2,075 overtime hours during the period of May 2, 2012 through February 15, 2018 (the "Relevant Period"). AFG's official time sheets indicate that Plaintiff worked only 51.5 overtime hours during the Relevant Period.[2] Plaintiff's sole basis for claiming that she worked an extraordinary 2,075 overtime hours is a set of time logs that she maintained indicating that while she typically only *billed* 40 hours a week, she frequently *worked* 45-50 hours a week (the "Henderson Time Logs") (**Exhibit A**).[3] Plaintiff expressly cited and relied upon the Henderson Time Logs in a pre-suit email, dated May 1, 2018.[4]

---

[1] The deposition deadline is February 4, 2019. Plaintiff has not yet taken a single deposition. The close of fact discovery is March 4, 2019.
[2] AFG maintains that Plaintiff was exempt from the overtime provisions of the FLSA.
[3] The Henderson Time Logs were combined with several other distinct documents and produced within a single, 263-page PDF document devoid of any metadata for the underlying documents.
[4] Plaintiff's counsel attached a section of the Henderson Time Logs to the email, writing: "Up until April 2013, AFG required Ms. Henderson to record and submit weekly timelogs, which included descriptions of work performed, hours charged. *For certain dates, Ms. Henderson would also include the number of total hours that she worked, which would often exceed the number of 'hours charged.'* I have attached one such timelog as an example." (emphasis added)



A sample from the Henderson Time Logs is pasted below, with the "Total Hours Worked" by Plaintiff highlighted in yellow:

| AFG Group, Inc. | | EMPLOYEE NAME: Marquita Henderson |
|---|---|---|
| Midtown Community Court Rehabilitation | | Week Ending: 1/12/13 |
| DAY | Hrs. Chrgd | Description of Time charged : |
| 1/7/2013 | 8 | (Total Hours Worked: 10)Contractual obligations involved: Review emails from 12/31/12 until 1/7/13 back log due to illness. Set up files and documentation of 2013. Preparing documentation for AFG Requisition 31, due on 1/17/13. |

The Henderson Time Logs are not only contradicted by AFG's official time sheets, but also by an *identical* Excel spreadsheet produced by AFG (and prepared by Plaintiff during her employment with AFG) which *does not* contain any parentheticals of "Total Hours Worked" (the "AFG Spreadsheet") (**Exhibit B**). A sample from the AFG Spreadsheet is pasted below.[5]

| AFG Group, Inc. | | EMPLOYEE NAME: Marquita Henderson |
|---|---|---|
| Midtown Community Court Rehabilitation | | Week Ending: 1/12/13 |
| DAY | Hrs. Chrgd | Description of Time charged : |
| 1/7/2013 | 8 | Contractual obligations involved: Review emails from 12/31/12 until 1/7/13 back log due to illness. Set up files and documentation of 2013. Preparing documentation for AFG Requisition 31, due on 1/17/13. |

In order to ascertain whether the Henderson Time Logs were a contemporaneous business record or, more likely, a document recently created for the purposes of this litigation, AFG demanded that Plaintiff produce the underlying Excel spreadsheet, which would contain pertinent metadata such as the document's author, creation date and last modified date. Although Plaintiff's counsel claimed that the Excel spreadsheet was not in Plaintiff's possession, Plaintiff testified at her deposition two days later that the Henderson Time Logs were printed out *from an Excel spreadsheet on her computer* and then given to Plaintiff's counsel. (Henderson Tr. 203:21-204:7; 209:2-25) (**Exhibit C**). Plaintiff also testified that the Henderson Time Logs, including the parenthetical of "Total Hours Worked," were a contemporaneous business record created by her while employed by AFG. (*Id.* at 192:15-193:9)

AFG again demanded that Plaintiff produce the underlying Excel spreadsheet. Inexplicably, Plaintiff's counsel again claimed that Plaintiff did not have the spreadsheet. *After* Plaintiff's deposition and at AFG's request, Plaintiff produced the original PDF of the Henderson Time Logs, which included metadata indicating that it was created on *April 30, 2018* from an *Excel* spreadsheet:

```
Created:      4/30/2018 5:19:11 PM
Modified:     1/10/2019 5:39:29 PM
Application:  Microsoft® Office Excel® 2007
Format:       application/pdf
```

Thus, the Excel file for the Henderson Time Logs was indisputably in Plaintiff's possession, custody and control as of April 30, 2018 and has since been lost, deleted or destroyed. AFG is entitled to a forensic examination of Plaintiff's computer in order to determine whether and when the Excel file was lost/deleted/destroyed, and whether it can be recovered. *See Klipsch Grp.,Inc. v. Big Box Store, Ltd.*, No. 12 Civ. 6283, 2014 WL 904595, at

---

[5] The metadata on the AFG Spreadsheet indicates that it was created on August 31, 2006 and last modified by Plaintiff on April 18, 2013.

2

\*6 (S.D.N.Y. Mar. 4, 2014) (ordering "forensic investigation into the state of defendants' computer systems for the purpose of determining, if possible, the likelihood of document destruction . . . the likely nature and volume of any such destroyed documents, whether some or all of those documents may be recovered . . ."); *Treppel v. Biovail Corp.*, 249 F.R.D. 111, 124 (S.D.N.Y. 2008) (ordering a "thorough forensic examination of [defendant's] laptop in an effort to recover additional relevant e-mails that were deleted").[6] An additional deposition of Plaintiff for no more than two hours is also warranted to inquire into the creation, preservation and apparent destruction of the original Excel version of the Henderson Time Logs. *See Richard Green (Fine Paintings) v. McClendon*, 262 F.R.D. 284 (S.D.N.Y. 2009) (ordering additional deposition of defendant concerning deleted spreadsheet).[7]

In a transparent effort to avoid forensic scrutiny of the questionable origins of the Henderson Time Logs, Plaintiff has apparently and suddenly abandoned her reliance on this document and now maintains that a separate, handwritten Sign in Log (the "Log") is the singular, document which accurately reflects the hours she worked at AFG. Plaintiff's position is meritless.

The only document accurately reflecting Plaintiff's hours are the official AFG timesheets, indicating that she worked 51.5 overtime hours. Even if Plaintiff does not rely on the Henderson Time Logs to prove her overtime hours, the document remains relevant to Plaintiff's credibility, which is relevant with respect to the exemption and overtime issue. *See Mendenhall v. Am. Booksellers Assoc., Inc.*, No. 88 Civ. 8998, 1990 WL 422415, at \*2 (S.D.N.Y. May 1, 1990) ("credibility is a legitimate subject of scrutiny" for "central witness in this case"); *United States v. Int'l Bus. Mach. Corp.*, 66 F.R.D. 215, 218 (S.D.N.Y. 1974) ("one of the purposes of discovery is to obtain information for use on cross-examination and for the impeachment of witnesses") (citation omitted).

Plaintiff has relied upon the Henderson Time Logs throughout this litigation in alleging that she worked 2,075 overtime hours. This document is contradicted by multiple contemporaneous business records indicating that Plaintiff worked a fraction of these overtime hours. As such, AFG is entitled to discover whether (and when) the underlying Excel spreadsheet was lost/deleted/destroyed, and whether it can be recovered. If the underlying Excel file does not contain the parentheticals of "Total Hours Worked," or if its metadata indicates that it was last modified by Plaintiff on or around the commencement of this action, then it raises the reasonable inference that Plaintiff fabricated evidence and committed a fraud on this Court.[8]

For the aforementioned reasons, AFG respectfully requests a forensic examination of Plaintiff's computer and an additional deposition of Plaintiff lasting no more than two hours.

Respectfully yours,

*/s/ Jonathan M. Sabin*

Jonathan M. Sabin

---

[6] Plaintiff's obligation to preserve the Excel file arose no later than April 12, 2018, when Plaintiff sent its initial demand letter to AFG and demanded that *AFG* preserve relevant documents.

[7] AFG's deposition of Plaintiff lasted for approximately five hours.

[8] Although Plaintiff may argue that additional discovery should not be permitted because AFG did not produce the AFG Spreadsheet until after Plaintiff's deposition, this is a red herring. AFG seeks an additional deposition of Plaintiff because of a document she produced after her deposition (i.e. the original PDF of the Henderson Time Logs indicating that the Excel file existed as of April 30, 2018).