# BORRELLI & ASSOCIATES
## P.L.L.C.
www.employmentlawyernewyork.com

| | |
|---|---|
| 655 Third Avenue | 910 Franklin Avenue |
| Suite 1821 | Suite 200 |
| New York, NY 10017 | Garden City, NY 11530 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

January 25, 2019

<u>Via ECF</u>
The Honorable Paul A. Engelmayer
United States District Judge for the
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    <u>*Henderson v. AFG Group, Inc.*,</u>
                <u>Docket No.: 18-CV-04179-PAE</u>

Dear Judge Engelmayer:

      This firm represents Plaintiff, Marquita Henderson, in the above-referenced action involving wage violations under the Fair Labor Standards Act and the New York Labor Law. We write now in response to Defendant's letter, filed January 22, 2019, seeking a forensic examination of Plaintiff's computer based on Plaintiff's alleged failure to produce a native Excel spreadsheet of a PDF document that she produced in discovery. The Court should deny this request for "discovery on discovery" as not warranted because Defendant seeks information regarding a document that has little-to-absolutely no relevance to Plaintiff's claims, and because Defendant cannot produce any evidence that Plaintiff destroyed any document, let alone intentionally. The Court should additionally deny Defendant's request for a second bite at the apple with respect to Plaintiff's deposition, which it only now seeks as an obvious fishing expedition as a result of its own failure to produce thousands of mostly relevant documents until after Plaintiff's deposition.

      In this case, Plaintiff alleges that Defendant, AFG Group, Inc. ("AFG"), routinely required her to work overtime hours, but failed to pay her overtime based upon its erroneous classification of Plaintiff as exempt from the federal and state overtime laws. With respect to the hours worked, the parties have disputed whether Plaintiff's "hours billed" to AFG's clients are equivalent to her hours worked as an employee. This dispute now pending before the Court involves the "native Microsoft Excel version" of a PDF document provided by Plaintiff in discovery ("Henderson Logs"), which contains the "hours charged" and "description of time charged" for each day. Plaintiff produced the Henderson Logs on October 15, 2018, and Defendant subsequently inquired

as to whether Plaintiff possessed the Excel version. Plaintiff's counsel directed Plaintiff to re-check her computer, Plaintiff did so, and then confirmed that she did not. Plaintiff's counsel subsequently took possession of the entire computer tower of Plaintiff's desktop to perform its own search of Plaintiff's computer and could not find any Excel version of the document. At Plaintiff's deposition on December 20, 2018, Defendant sought testimony about the Henderson Logs, but never once asked about her possession of the Excel document, or any of the questions Defendant now claims are relevant in its motion. This would seem odd *except* for two crucial reasons glaringly omitted in Defendant's January 22, 2019 letter.

     First, Defendant failed to mention to the Court that despite having the Henderson Logs (Defendant's **Exhibit A**) in its possession for over two months prior to Plaintiff's deposition, Defendant apparently only "discovered" and produced nearly **2,700** additional documents *following* Plaintiff's deposition.[1] Part of the voluminous post-deposition production included a native Excel spreadsheet maintained by AFG (Defendant's **Exhibit B**), which Defendant **at all times** had in its possession, but only discovered and belatedly turned over after Plaintiff's deposition. Comparing the two documents, it became clear that AFG's version did not contain Plaintiff's notations showing "Total hours worked" on certain days, whereas Plaintiff's did. Therefore, because Defendant failed to timely turn over relevant documents to its counsel and missed an opportunity to depose Plaintiff on these documents as a result, it now wants another bite at the apple. Plaintiff should not be disadvantaged, and Defendant should not be rewarded, for its blatant discovery violations.

     Second, and perhaps more importantly, Defendant *completely* misrepresents to this Court that "Plaintiff's sole basis for claiming that she worked an extraordinary 2,075 overtime hours is a set of time logs that she maintained . . ." This is demonstrably and indisputably false, because it was Plaintiff's deposition testimony that *exposed* and led to Defendant's "discovery" of a time log book that contained Plaintiff's precise sign in and sign out times during the relevant times of this lawsuit that AFG maintained throughout nearly the entirety of Plaintiff's employment (hereinafter referred to as "AFG Logs," attached as **Exhibit 2**). Whereas the AFG Logs cover almost every single workday from 2010 all the way to April 2016, as the records clearly show, both **Exhibit A** and **Exhibit B** span from only January 22, 2010 to January 4, 2013. That is critical because the relevant time period of this action is from February 9, 2012 (six years prior to the filing of the Complaint) to February 15, 2018. Therefore, both exhibits A and B have extremely limited value for the relevant time period, especially considering the existence of AFG's own records of time worked. Moreover, Plaintiff's own deposition testimony establishes that: 1) she did not keep her own record of her time in and out; 2) there was a log that she had to sign in and sign out that she used for her entire time at AFG; and 3) this logbook would be kept by AFG. *See*

---

[1] The timely production of documents has been a recurrent issue in this matter. After Defendant initially failed to timely comply with its document production following Plaintiff's requests for production, Plaintiff contacted Defendant by email to request that Defendant comply with its obligation to provide documents within thirty days pursuant to the Federal Rules of Civil Procedure. Defendant responded that it "expressly objected to Plaintiff's demand to produce documents within 30 days and agreed to produce documents responsive to the Requests at such time as may be agreed by the parties or required by the Court." This email exchange is attached as **Exhibit 1**.

**Exhibit 3,** p. 174-176, lines 2-22; 2-25; 2-13.[2][3] Defendant cites Plaintiff's testimony, **Exhibit C**, 192:15 – 193:9, to the Court as support that the Henderson Logs were "a contemporaneous business record created by her while employed by AFG." This cite is erroneous for two reasons. One, Plaintiff is most likely referring to the Time Sheet that AFG made her sign for her daily reports, attached as **Exhibit 4**,[4] and two, Defendant conveniently cuts out lines 10-25 on page 193 where Plaintiff repeatedly states she does not have these forms in her possession. Conversely, Plaintiff never stated the Henderson Logs were not in her possession, as it is not disputed that she produced them.

Yet Defendant now seeks an order permitting it to undertake a fishing expedition to find out whether Plaintiff altered the Henderson Logs and/or intentionally destroyed the Excel version of the document she produced. Defendant has absolutely no evidence to support its claim, *see Experience Hendrix, L.L.C. v. Pitsicalis*, 2018 WL 6191039, at *7 (S.D.N.Y. Nov. 28, 2018) (holding that a party must establish, *inter alia*, that "the opposing party acted with the intent to deprive the moving party of the information's use in litigation") (Engelmayer, *J.*), and as a result, "collateral discovery – also known as discovery on discovery," is plainly unwarranted. *Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2016 WL 3906712, at *7 (S.D.N.Y. July 14, 2016). Indeed, courts have commonly held that "requests for such 'meta-discovery' should be closely scrutinized in light of the danger of extending the already costly and time-consuming discovery process <u>ad</u> <u>infinitum</u>." *Id.* (citing *Freedman v. Weatherford Intern. Ltd.*, 2014 WL 4547039, at *2 (S.D.N.Y. Sept. 12, 2014)); *see 246 Sears Road Realty Corp. v. Exxon Mobil Corp.*, 2011 WL 13254283, at *4 (S.D.N.Y. Apr. 1, 2011) (finding that plaintiff's requests for discovery on discovery were unwarranted as "[n]one of the requests bear on plaintiff's underlying claim; rather, they represent plaintiff's meandering attempt to prove defendant's noncompliance with its discovery obligations."). As the court stated in *Freedman*, where a party seeks discovery on discovery "on the asserted basis that they are 'entitled to test the reasonableness and adequacy of [the party's] production," the party must provide an "adequate factual basis for their belief that the current production is deficient," and cannot simply provide a contention that is "too conclusory to provide that basis." 2014 WL 3767034, at *3 (denying discovery on discovery in light of false statements at issue made by defendants); *see Catlin v. Wal-Mart Stores, Inc.*, 2016 WL 7974070, at *2 (D. Minn. Sept. 22, 2016) (denying discovery on discovery based on speculation of "willful [mis]conduct."). Here, Defendant fails to provide an adequate factual basis because it never questioned Plaintiff on any of the information that it now seeks with respect to this substantially irrelevant document, despite having full opportunity to do so. Rather, Defendant seeks a forensic

---

[2] It bears strong mention that Plaintiff's testimony <u>pre-dates</u> Defendant's discovery of the AFG Logs. This certainly only adds to her credibility considering Defendant never acknowledged the AFG Logs existed at that time.

[3] Defendant relies upon a "pre-suit email, dated May 1, 2018," and Plaintiff's counsel's communication through email with Defendant's counsel during pre-litigation settlement communication as support for its contention of what Plaintiff's "sole basis" is for working overtime. This is particularly absurd considering Defendant deposed Plaintiff on December 20, 2018, at which Plaintiff's testimony completely belies Defendant's representation to the Court. Moreover, introducing evidence of settlement discussions is improper. *Deluca v. Allied Domecq Quick Serv. Restaurants*, 2006 WL 13944, at *8 (S.D.N.Y Sept. 22, 2006).

3

examination of Plaintiff's personal computer and a second deposition based only on speculation that she intentionally destroyed the document. Most importantly, Defendant's requests do not bear on Plaintiff's underlying claim because the Defendant's own records, the AFG Logs, forestall any dispute over the hours.

Thus, because Defendant has not made any requisite showing to permit it to obtain discovery on discovery, because its reason for seeking such discovery is blatant pretext to permit it a second deposition on an obvious fishing expedition due to its late-produced documents, and because the document on which it seeks discovery is not relevant anyway given Plaintiff's testimony that Defendant's records correctly reflect her hours worked, the Court should deny Defendant's request.

For the foregoing reasons, Plaintiff would also welcome a conference to discuss any additional points if necessary.

Respectfully submitted,

_____
Jeffrey R. Maguire, Esq.
*For the Firm*

C:   Defendant's counsel (via ECF)